**MYERS, Plaintiff-Appellee, v. WISTERIA DEVELOPMENT CO., et, Defendants-Appellants.**

Ohio Appeals, Second District, Montgomery County.

No. 1978. Decided November 29, 1948.

254

Mathias H. Heck, Pros. Atty., Dayton, for plaintiff-appellee.

Hugh S. Jenkins, Atty. Genl., Daronne R. Tate, Asst. Atty. Genl., Morris M. Sokolsky, Asst. Atty. Genl., Columbus, for State of Ohio, Department of Taxation, Defendants-Appellants.

Landis, Ferguson, Bieser & Greer, Dayton, for Gem City Building & Loan Assn., Defendants-Appellee.

## OPINION

By WISEMAN, PJ.

This is an appeal on law from the judgment of the Common Pleas Court of Montgomery County, Ohio. The trial court found that the mortgage lien acquired by the Gem City Building & Loan Association of Dayton, Ohio, should have priority over the lien of the State of Ohio for franchise tax levied against the Wisteria Development Company.

The appellant, State of Ohio, claims the court erred: In finding that the mortgage lien was prior to the lien of the State of Ohio for franchise taxes, and in failing to distribute a portion of the proceeds of the sale to the appellant in satisfaction of its lien.

The sole question presented is whether the mortgage lien acquired by the Gem City Building & Loan Association on April 6, 1929, is entitled to priority over the lien of the State of Ohio for franchise tax delinquencies which first occurred in 1932. The determination of the question presented turns upon the interpretation of §5506 GC which provides:

"Annually on the day fixed for the payment of any excise or franchise tax required to be paid by law, such tax, together with any penalties subsequently accruing thereon, shall become a lien on all property in this state of a public utility or corporation, whether such property is employed by the public utlity or corporation in the prosecution of its business or is in the hands of an assignee, trustee or receiver for the benefit of the creditors and stockholders thereof. **Such lien shall continue until such taxes, together with any penalties subsequently accruing thereon, are paid.**" (Emphasis ours.)

This section does not expressly give priority to the franchise tax lien. The appellant contends that the last sentence in this section which provides for the indefinite continuation of the lien impliedly confers a priority over pre-existing mortgage liens. This section must be construed strictly against the taxing authority. **38 O. Jur. 725, Section 15.**

In **Harter Bank v. Lumber Co., 136 Oh St 465,** a dictum is found on page 468 which states: "By statute it has created tax liens on certain kinds and types of property, and has given them precedence over prior liens and incumbrances. The action taken as to real estate taxes and corporate franchise taxes is illustrative. **Secs. 5713 and 5506 GC; 38 O. Jur. 1078, Section 276.**" The court evidently referred to §5506 GC as it formerly existed. That Section as originally enacted in 1911 (102 Ohio Laws 224) provided that "The fees, taxes and penalties, required to be paid by this act, shall be the first and best lien on all property of the public utility or corporation," etc. This provision was retained when this Section was amended in 1927 (112 Ohio Laws 410). The Section as amended also contained a provision similar to the provision under construction, to wit; "Such lien is to continue until such fees, taxes and penalties are paid." In 1929 (113 Ohio Laws 705) this Section was again amended and the provision that such tax lien "shall be the first and best lien" was omitted. In the sentence providing for the indefinite continuation of the lien were inserted the words "together with any penalties subsequently accruing thereon." This Section as amended in 1929, also, contains a provision relative to the filing in the office of the County Recorder, a notice of such lien and provided that when filed such lien should not be valid against any mortgagee, pledgee, purchaser or judgment creditor whose rights attached prior to the time such notice was filed. The Section as last amended, and as it presently exists, in the form above quoted, became effective February 23, 1935, (115 Ohio Laws, Pt. II, 269). As last amended, such Section does not contain a provision making the lien the "first and best

lien." The provision for filing a notice of the lien in the office of the County Recorder was also omitted. The provisions for the continuation of the lien were retained.

The rule of statutory construction applicable to the question presented is aptly stated in **38 O. Jur. 725:**

"If there is any doubt as to the meaning of a tax statute, the construction must be strict, and the doubt must be resolved in favor of the citizen upon whom or property upon which the burden is sought to be imposed, and against the taxing power. Language employed in a taxation statute should not be extended by implication beyond its clear import, or so enlarged in its operation as to embrace subjects of taxation not specifically named. Courts will not by construction interpolate words into the statute to extend its terms."

In **Clark Restaurant Co. v. Evatt, 146 Oh St 86,** the court on page 91 stated:

"If there be any doubt as to the meaning of these statutory provisions, or if any judicial construction be required, then a well established rule would be applicable, i. e., in the construction and application of taxing statutes their provisions cannot be extended beyond the clear import of the language used; nor can their operation be so enlarged as to embrace subjects not specifically enumerated. A strict construction is required, and any doubt must be resolved in favor of the taxpayer and against the taxing authorities. **Watson, Jr., Exr., v. Tax Commission, 135 Oh St 377, 21 N. E.** (2d), 126, and authorities there cited."

See, also, **McNally v. Evatt, 146 Oh St 443.**

The legislative history of §5506 GC does not disclose any legislative intent, in the most recent enactment of this section, to extend to the State a right of priority over pre-existing liens. The provisions for an indefinite continuation of the lien is not sufficiently definite in its terms and purpose to provide for such priority.

In our judgment the principle that priority of time determines priority of right is applicable. The judgment of the lower court was correct and is hereby affirmed.

MILLER and HORNBECK, JJ, concur.